IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAYMOND DOUGLAS HARDY                                                                    PLAINTIFF

     v.                              Civil No. 1:11-cv-01033

CHIEF ROBERT GORUM; DETECTIVE
KELLY BLAIR; DETECTIVE TODD DEW;
and OFFICER JUSTIN YOUNG                                                                 DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Raymond Douglas Hardy filed this civil rights case pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendants' Motion for Summary Judgment (ECF No. 18); Brief in Support of Motion for Summary Judgment (ECF No. 19); and Statement of Facts (ECF No. 20). Plaintiff filed a Response to Motion For Summary Judgment. ECF No. 36. Defendants replied. ECF No. 37. Plaintiff then filed a response to Defendants reply. ECF No. 38. Defendants then replied to Plaintiff's second response. ECF No. 39. Finally, Plaintiff filed a response to Defendants second reply. ECF No. 40. After considering all of the briefing the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

The events that are the subject of this lawsuit occurred during Plaintiff's arrest on March 29, 2011. Plaintiff claims in his Complaint that the Defendants used excessive force against him

in the holding cell at the Magnolia Police Department ("MPD") and again in the holding cell at the Columbia County Detention Center ("CCDC"). ECF No. 1, pp. 3-4. According to Plaintiff, he urinated on the floor of the holding cell and when he refused to clean up the urine, Officer Justin Young threw him around the cell, twisted his arms, and hit him in the back. ECF No. 1, p. 5. Plaintiff also claims Chief of Police Robert Gorum knew these events took place and did nothing. Further, Plaintiff claims Detectives Kelly Blair and Todd Dew watched as Officer Young used excessive force against him at the MPD. ECF No. 1, p. 5.

Plaintiff also claims Officer Young transported him to CCDC and once in the CCDC holding cell Officer Young put Plaintiff in a choke hold for no reason. ECF No. 1, p. 7. A jailer at the CCDC made Officer Young let Plaintiff out of the choke hold. ECF No. 1, p. 7. Plaintiff alleges he did not resist or do anything to warrant Officer Young placing him in a choke hold. ECF No. 1, p. 10.

Plaintiff claims the actions of Officer Young hurt his back, and Plaintiff requests damages for his pain and suffering. ECF No. 1, p. 5.

Defendants filed their Motion for Summary Judgment on March 30, 2012. ECF No. 18. The Court subsequently sent Plaintiff a Notice directing him to inform the Court if he would like assistance, through a questionnaire, in responding to Defendants' Motion for Summary Judgment. ECF No. 22. Plaintiff never responded to this Notice and the case was dismissed based on this failure to respond. ECF No. 28. Subsequently, the case was reopened and Plaintiff filed his own Response to Defendants' Motion for Summary Judgment. ECF No. 36.

II.     LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine

2

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.    DISCUSSION

As an initial matter, Defendants argue that Plaintiff's Response to the Motion for Summary Judgment should be stricken as untimely and Defendants' Motion for Summary should be granted pursuant to Fed. R. Civ. P. 56(e).

Federal Rule of Civil Procedure 56(e) reads in pertinent party:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the

movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e). The Court is not convinced this rule indicates Plaintiff's Complaint should be summarily dismissed at this time. Instead, the Court will consider Plaintiff's responses and make a recommendation based on the merits of Defendants Motion for Summary Judgment and Plaintiff's responses.

Further, the Court notes Plaintiff states in his Complaint that he is suing Defendants in their official capacity only. ECF No. 1. Based on this assertion, Defendants moved for summary judgment on Plaintiff's official capacity claims. The Plaintiff subsequently moved the Court to amend his Complaint to add individual capacity claims. ECF No. 40. The Court will address Plaintiff's request for leave to amend by separate order and will focus this Report and Recommendation to the issue of Plaintiff's official capacity claims.[1]

Defendants argue Plaintiff failed to allege a policy, custom, or practice of the City of Magnolia that was the driving force behind his alleged constitutional violation. ECF No. 19. Even though Plaintiff has filed three additional responses, he fails to put forth any facts or make any allegations regarding a policy, custom, or practice of the City of Magnolia that was the driving force behind the alleged constitutional violation. ECF Nos. 36, 38, & 40. In Defendants' Reply, they argue they have met their burden and Plaintiff has failed to designate specific facts, regarding his official capacity claims, showing that a genuine issue for trial exist in the face of Defendants' Motion. ECF No. 37.

Under section 1983, a defendant may be sued in either his individual capacity, or in his

---

[1] For this reason, the Court need not address many of the parties arguments at this time. The parties filed many responses and replies covering a multitude of arguments, however, only those arguments regarding Plaintiff's official capacity claims are addressed herein.

official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). An official capacity claim against Defendants is essentially a claim against the City of Magnolia. Plaintiff failed to allege any policy or custom of the City of Magnolia that caused his constitutional rights to be violated. "[R]igorous standards of culpability and causation must be applied to ensure that the [city] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a city has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). There are no facts or allegations in Plaintiff's Complaint or his responses to support an official capacity claim against Defendants. Further, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, the City of Magnolia cannot be held liable based merely on the fact it employs Defendants. Therefore, Plaintiff's official capacity claims fail as a matter of law.

IV.     CONCLUSION

Accordingly, I recommend Plaintiff's official capacity claims against Defendants Gorum, Blair, Dew, and Young be dismissed with prejudice.   The Court will address Plaintiff's request for leave to amend his Complaint by separate order, therefore, this Report and Recommendation does not dispense with all claims in this matter.

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of August 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE