IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAYMOND DOUGLAS HARDY                                                                                    PLAINTIFF

v.                                              Civil No. 1:11-CV-01033

ROBERT GORUM, KELLY BLAIR,
TODD DEW, and JUSTIN YOUNG                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Raymond Douglas Hardy proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff is currently incarcerated in the Arkansas Department of Corrections Wrightsville Unit in Wrightsville, Arkansas.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendants' Second Motion for Summary Judgment.  ECF No. 63.  Plaintiff has responded to this Motion, and Defendants have replied.  ECF Nos. 69, 71.  After Defendants filed their reply, Plaintiff also filed a response to their reply.  ECF No. 72.  This matter is now ripe for consideration.  Upon review, and based upon the following analysis, the Court recommends Defendants' Second Motion for Summary Judgment (ECF No. 63) be **GRANTED.**

1. **Background:**

The Court has previously outlined the facts in this case (ECF No. 42) and will briefly consider those facts again.  On May 10, 2011, Plaintiff filed his Complaint in this matter.  ECF No. 1.  In his Complaint, Plaintiff alleges he was subjected to excessive force on March 29, 2011 after his arrest.  *Id.* at 3.  Plaintiff claims Defendant Young used excessive force against him at the

1

Magnolia Police Department ("MPD") and at the Columbia County Detention Center ("CCDC"). *Id.* at 5. Specifically, he claims at the MPD, he was "thrown around in the holding cell" and had his "arms twisted and [was] hit in the back." *Id.* At the CCDC, he claims his leg was "up so high" that he almost fell and was put in a choke hold to the point he could not breathe. *Id.* at 7.

Plaintiff claims only Defendant Young used excessive force against him. ECF No. 1. Plaintiff claims Defendants Blair and Dew are liable for that use of excessive force because they "watch[ed] as the officer Justin Young did this to me." *Id.* at 5. Plaintiff also claims Defendants Blair and Dew are liable because they allowed Defendant Young to transport Plaintiff even after Defendant Young used excessive force against him at the MPD. *Id.* at 5. Plaintiff claims Defendant Gorum is liable because he "knew that this happened and did nothing." *Id.*

Initially, Plaintiff filed his case against Defendants in their official capacities alone. ECF No. 1. Thereafter, Plaintiff was given leave to amend and allege Defendants are liable in their individual capacities as well. ECF No. 43. Plaintiff's claims against Defendants in their official capacities have been dismissed.[1] ECF No. 47. Thus, only Plaintiff's individual capacity claims against Defendants remain, and these are also the only claims at issue with the present motion.

## 2.     Applicable Law:

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins.*

---

[1] Defendants' First Motion for Summary Judgment addressed this issue. *See* ECF No. 18.

*Co.,* 49 F.3d 399, 401 (8th Cir. 1995).

The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012).

**3.    Discussion:**

Because Plaintiff raises separate allegations against each Defendant, the Court will address Plaintiff's claims against the separate Defendants in the following order: (A) Defendant Young; and (B) Defendants Dew, Blair, and Gorum. All Defendants have moved for summary judgment together (ECF No. 63), but for ease of reference, the Court will refer to their claims in this order.

**A.    Claims Against Defendant Young**

Plaintiff claims Defendant Young is liable for using excessive force against him both while he was at the MPD and while he was at the CCDC. ECF No. 1. Defendant Young claims summary judgment against Plaintiff is appropriate because no excessive force was used. ECF No. 63. Defendant Young claims he used only the force that was necessary to restrain Plaintiff. *Id.* In support of his argument, Defendant Young filed a Statement of Undisputed Facts which includes the affidavit of himself, Defendant Dew, and Defendant Blair as well as Plaintiff's two arrest warrants for commercial burglary, Plaintiff's inmate medical forms at the CCDC, and Plaintiff's responses to interrogatories. ECF No. 65-1 to 65-9. Plaintiff filed a response to Defendant Young's Second

Motion for Summary Judgment, but he filed no evidence (admissible or otherwise) in support of his response to summary judgment.  ECF No. 69.

### (1) Defendant Young's Allegations

The Court will first address the facts that form the basis of this lawsuit.  Defendant Young claims that on March 29, 2011, Defendant Dew and Blair arrested Plaintiff based upon two arrest warrants for commercial burglary.  ECF No. 65 ¶ 1.  Defendant Young claims he was present for Plaintiff's arrest.  *Id.*  ¶ 2.  Defendant Young claims he transported Plaintiff to the MPD for booking.  *Id.*  During the booking process, Defendant Young claims Plaintiff yelled profanities and yelled that he had to go to the bathroom.  *Id.*  ¶ 3.

Defendant Young claims that when he walked into the holding room at the MPD to prepare to transport Plaintiff to the CCDC, Plaintiff was laughing and saying he did not need to go to the bathroom anymore.  ECF No. 65  ¶ 4.  Defendant Young claims he asked Plaintiff what he meant, and Plaintiff stated he had already "pissed" on the floor.  *Id.*  ¶¶ 5-6.  Defendant Young claims he told Plaintiff he would have to clean it up before being transported, and Defendant Young claims he went to go get a mop and bucket.  *Id.*  ¶ 7.  Defendant Young claims Plaintiff yelled he was not cleaning up the urine, and he told Defendant Young he would have to clean it up himself.  *Id.*  ¶ 8.  Specifically, Defendant Young claims Plaintiff was "yelling profanities" and yelled he was not cleaning up "shit and [Defendant Young] would have to clean it up [his] mother fucking self." *Id.*

Defendant Dew could hear the loud noise of people talking, and he walked to the side of the building where Defendant Young and Plaintiff were located.  ECF No. 65 ¶ 9.  As Defendant Dew walked to the holding cell area, he saw Defendant Young had a mop bucket in the hallway and heard Defendant Young tell Plaintiff the mop bucket was for Plaintiff to clean up the cell.  *Id.* ¶ 10.

Defendant Dew believed the longer Plaintiff was at the police department, the longer he would continue to "act out." *Id.* For that reason, Defendant Dew believed Plaintiff needed to be moved to the CCDC, and Defendant Young was then directed to take Plaintiff to the CCDC. *Id.* ¶¶ 13-14.

Defendant Young claims he unlocked Plaintiff's cell door and entered Plaintiff's holding cell. ECF No. 65 ¶ 16. Defendant Young claims Plaintiff remained seated and refused to get up to be placed in restraints for transport. *Id.* ¶¶ 16-17. Defendant Young claims he placed his hand around Plaintiff's left wrist in an attempt to place restraints on Plaintiff. *Id.* ¶ 18. Defendant Young claims Plaintiff began to jerk away and become uncooperative. *Id.* ¶ 19. Defendant Young claims he then pulled Plaintiff to his feet, placed his left arm behind his back and placed his face and chest against the cell wall to place on his cuffs. *Id.* ¶ 20. Defendant Young claims Plaintiff then calmed down, and Defendant Young placed handcuffs and leg shackles on Plaintiff. *Id.* ¶ 21.

After Plaintiff was handcuffed and shackled, Defendant Young claims he escorted Plaintiff outside and placed Plaintiff in the back of his police unit. ECF No. 65 ¶ 22. According to Defendant Young, Plaintiff was using profanity toward Defendant Young and made the comment that "he better not catch [Defendant Young] on the street or it would be the end of [Defendant Young]." *Id.* ¶ 23. After arriving at the CCDC, Defendant Young and Plaintiff entered the holding cell. *Id.* ¶ 24. A jailer walked by the hall, and Defendant Young stated to the jailor that Plaintiff needed to be placed in a holding room. *Id.* ¶ 25. Defendant Young claims the jailer said to take the cuffs off Plaintiff and leave him in the holding area. *Id.* ¶ 26.

Once he had taken the cuffs off Plaintiff, Defendant Young claims he instructed Plaintiff to place his hands on the wall. ECF No. 65 ¶ 27. Defendant Young claims he then lifted Plaintiff's right leg in order to begin taking off his right leg shackles. *Id.* At that time, Defendant Young

claims Plaintiff kicked back at him with his right foot and began laughing. *Id.* ¶ 28. Because Defendant Young was kneeling down, Defendant Young claims Plaintiff's foot came close to kicking him in the face. *Id.* ¶ 29. Defendant Young claims he instructed Plaintiff not to do that again or he would be placed in a position where he could not cause him any harm. *Id.* ¶ 30. Defendant Young claims Plaintiff laughed and said "my bad." *Id.* ¶ 31.

When Defendant Young went to take Plaintiff's left leg shackles off, Defendant Young claims Plaintiff kicked back at him again, laughed, and said "my bad" again. ECF No. 65 ¶ 32. Defendant Young claims he warned Plaintiff not to do that or he would be placed on the floor until a jailer was available to place him into a holding room. *Id.* ¶ 33. Defendant Young claims he then proceeded again and just as he took the restraints off Plaintiff's leg, Plaintiff kicked back again. *Id.* ¶ 34. Defendant Young claims he then pushed Plaintiff's face and chest against the wall and called for the jailor to come open the holding cell door. *Id..* ¶ 35. Defendant Young claims Plaintiff then began to push back off the wall with his arms and tried to turn around. *Id.* ¶ 36. At that time, Defendant Young claims he grabbed Plaintiff by the right shoulder and placed him on the ground with his right arm around Plaintiff's neck (choke hold position). *Id.* ¶ 37. Defendant Young claims he yelled for a jailor to open the holding cell door and assist him. ECF No. 65 ¶ 39. A jailor arrived, Defendant Young claims both he and Defendant Young placed Plaintiff in a holding room. *Id.* ¶ 41. Defendant Young then left the detention center after Plaintiff was secure in the holding room. *Id.*

Defendant Young submitted additional evidence (Plaintiff's inmate medical forms) in support of his claim that excessive force was not used. ECF No. 69. Specifically, upon entry into the CCDC on March 29, 2011, Plaintiff signed an "Inmate Medical Form" in which Plaintiff indicated there

6

were "No . . . current medical problems"; "No . . . evidence of recent physical injuries"; and "No . . . [explanation of] how the injuries were received." ECF No. 65 ¶ 42; ECF No. 65-6. The following day, Plaintiff completed an "Inmate Medical Request" in which he complains he "need[s] to see nurse about medicine had a heart attack need medicine blood pressure Aspirin Lopressar." *Id.* ¶ 43; ECF No. 65-7. On this form, Plaintiff made no complaint that Defendant Young injured him. *Id.* ¶ 44. However, it does appear from the nurse's notes at the bottom of this form Plaintiff complained of back pain: "c/o Back Pain L5." *Id.* ¶ 45. The nurse appears to prescribe Motrin for any alleged pain: "Rx Motrin 600." *Id.* ¶ 46.

Nearly one month elapsed. Then, on April 20, 2011, he finally alleged in an "Inmate Medical Request" form that Defendant Young had injured him: the "police did this that brought me down here. Hurt my back." *Id.* ¶ 47; ECF No. 65-8. Defendant Young argues that this one-month lapse in time demonstrates he did not use excessive force against Plaintiff. ECF No. 63.

### (2) Plaintiff's Allegations

In response to Defendant Young's Motion and supporting evidence, Plaintiff filed a three-paged document entitled "Objection to Defendant's Motion for Summary Judgment." ECF No. 69. With these objections, Plaintiff does not specifically dispute any of the facts Defendant Young provided. *Id.* Instead, Plaintiff merely raises arguments such as the following:

- "The Defendants brief in support clearly contains detalitory tactium of raising an issue before the Court that was not relevant to the claim by the Plaintiff of excessive force." ECF No. 69 ¶ 2.

- "Each Affidavit in support (Document #65 Exhibits A-C), merely are answered through 1 then just reworded for the rest and yet clearly only support that Mr. Hardy was arrested." ECF No. 69 ¶ 3.

- "The Plaintiff never denied any arrest record existing. The Defendants merely parade the

      Plaintiffs record to cloud the issue." ECF No. 69 ¶ 4.

- "The defense is quick to cry ditalitory tactium when the Plaintiff asserted facts, and yet are clearly slow to produce evidence that could either exhonorate or condemn." ECF No. 69 ¶ 7.

      After Plaintiff filed these objections, Defendant Young replied and noted Plaintiff had entirely failed to dispute any of the facts Defendant Young had presented. ECF No. 71. As Defendant Young argues, "The Plaintiff fails to Dispute the Facts Establishing the Defendant's Entitlement to Summary Judgment." *Id.* Thereafter, possibly recognizing this deficiency and in response to Defendant Young's reply, Plaintiff filed another three-page document. ECF No. 72. In this document, Plaintiff does not dispute Defendant's claims. Instead, Plaintiff again accuses Defendants of "trying to cloud the water." *Id.* ¶ 1. As to Defendant Young's claim that Plaintiff tried to kick Defendant Young, Plaintiff argues it would not be possible for him to kick Defendant Young with leg chains on his ankles because the chains were not long enough. *Id.* ¶ 5. Notably, with this response, Plaintiff *does not dispute* Defendant Young's claim that Plaintiff *tried* to kick back while Defendant Young removed his shackles. *Id.*

      Finally, it is worth noting Plaintiff also alleges in this response that *after* he was shackled, Defendant Young "applied armbars and slammed the Plaintiff repeatedly into the fence/wall of the holding cell." ECF No. 72 ¶ 8 (emphasis added). This is the first time Plaintiff has alleged that *after* he was shackled, Defendant Young used force against him. In his Complaint, he did not make this allegation. *See* ECF No. 1 at 5. In his response to Defendants' Second Motion for Summary Judgment, he did not make that allegation. *See* ECF No. 69. Plaintiff's attempt to raise a new issue at the summary judgment stage is improper. *See N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004) (holding "while we recognize that the pleading requirements under

8

the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims, which were not pled, late into the litigation for purposes of avoiding summary judgment"). Additionally, even if he had properly raised this issue, Plaintiff again has supplied no evidence supporting his claim.

### (3) Defendant Young's Use of Force

Based upon this review, Plaintiff has not met his burden of production. As such, summary judgment should be granted for Defendant Young. Specifically, as examined in greater detail above, Defendant Young met his burden of production as the nonmoving party by supplying affidavits and other evidence in support of his Motion for Summary Judgment. *See* ECF No. 65. If his allegations are accepted as true, Defendant Young did not use excessive force in restraining Plaintiff at either the MPD or at the CCDC. Indeed, as noted by the United States Supreme Court, the "core judicial inquiry" in assessing whether excessive force was used is "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMilian,* 503 U.S. 1, 7 (1992). Here, based upon the evidence he has presented, Defendant Young has affirmatively demonstrated the force he used was in a good-faith effort to maintain or restore discipline at both the MPD and the CCDC.

Because Defendant Young has met his burden as the movant, Plaintiff–as the nonmoving party–"may not rely on mere denials or allegations in its pleadings but must 'designate specific facts showing that there is a genuine issue for trial.'" *Barge v. Anheuser-Busch, Inc.,* 87 F.3d 256, 258 (8th Cir. 1996) (*citing Celotex,* 477 U.S. at 324). Upon careful review of his allegations, Plaintiff has not even alleged any specific facts disputing Defendant Young's version of events. ECF Nos. 1, 69, 72. As such, he has not demonstrated there are genuine issues for trial. Based on the

uncontroverted facts as demonstrated by Defendant Young there was no excessive force. Accordingly, the Court finds summary judgment for Defendant Young is appropriate.[2]

### B. Claims Against Defendants Dew, Blair, and Gorum

Plaintiff claims Defendants Dew and Blair are liable because they "watched" Defendant Young use excessive force against him and because they "allowed" Defendant Young to transport him to the CCDC. ECF No. 1 at 5. Plaintiff claims Defendant Gorum is liable because he "knew that this [incident] happen[ed] and did nothing." ECF No. 1 at 5.

As noted above, Plaintiff has not met his burden of supplying any summary judgment evidence disputing Defendant Young's summary judgment evidence the force used was not excessive. Thus, as to any liability Defendants Dew, Blair, and Gorum may have for watching the excessive force be used or allowing Defendant Young to transport Plaintiff, Plaintiff's claims should be dismissed. Finally, to any extent Plaintiff alleges "vicarious liability" for Defendants Dew, Blair, and Gorum on the basis of Defendant Young's actions, Plaintiff's claim also fails. *See Brown v. Fortner,* 518 F.3d 552, 559 n.1 (8th Cir. 2008) (holding a Section 1983 claim cannot be based on *respondeat superior* or vicarious liability).

### 4. Conclusion:

Based upon the foregoing, the Court recommends Defendants' Motion for Summary

---

[2] Plaintiff claims Defendant Young has not responded to discovery requests. ECF No. 72 ¶ 9. Arguably, such responses could demonstrate a fact issue. However, Plaintiff has not supplied to this Court any information related to these discovery requests (including when they were sent, etc.). Indeed, it appears Plaintiff never served Defendant Young with these requests but merely filed them with the Court. *See* ECF No. 72 ¶ 9 (referencing Defendants' "non-answer of interrogatories submitted along with the Plaintiffs Motion to Amend . . ."). On May 14, 2014, the Court instructed Plaintiff that filing these discovery requests with the Court was not sufficient, and these requests must be sent to Defendants' counsel. ECF No. 73. It does not appear these requests were ever sent to Defendants' counsel. Thus, the Court will not address this issue further.

Judgment (ECF No. 63) be **GRANTED** as to the individual capacity claims against Defendant Young, Defendant Dew, Defendant Blair, and Defendant Gorum.[3] The Court also recommends that because both his individual and official capacity claims against Defendants have been dismissed, Plaintiff's case be dismissed with prejudice.

**The Parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 31st day of July 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] I note disposition of an excessive force claim at the summary judgement stage is somewhat rare. However, in this case, the uncontradicted facts, established by affidavit by the Defendants, show no excessive force was used.